# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, <br><br> Plaintiff, <br><br> v. <br><br> C. OGBUEHI, et al., <br><br> Defendants. | Case No. 1:15-cv-01918-AWI-BAM (PC) <br><br> ORDER REGARDING PLAINTIFF'S DECLARATION IN SUPPORT OF HIS LODGED AMENDED COMPLAINT <br><br> [ECF Nos. 21, 22] |

**I.    Introduction**

Plaintiff Raymond Alford Bradford is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 13, 2017, the Court issued an order screening Plaintiff's complaint, finding it stated a claim against Defendants Nietas and Ogbuehi for deliberate indifference to serious medical needs in violation of the Eighth Amendment, and initiating service of process. (ECF No. 20.)

Currently before the Court is Plaintiff's declaration in support of his amended complaint, filed on December 28, 2017. (ECF No. 22.) Plaintiff also lodged a proposed amended complaint. (ECF No. 21.) In the declaration, Plaintiff states that he received the Court's December 13, 2017 order. However, he now wishes to name additional defendants who have also violated his constitutional rights, and seeks to supplement his complaint to add additional allegations.

**II. Discussion**

**A. Amended and Supplemental Pleadings**

A supplemental pleading is used to allege relevant facts occurring after the original pleading was filed. Fed. R. Civ. P. 15(d); *Keith v. Volpe*, 858 F.2d 467, 468 (9th Cir.1988). A supplemental pleading is designed to bring the action "up to date" and to set forth new facts affecting the controversy that have occurred since the original pleading was filed. *Manning v. City of Auburn*, 953 F.2d 1355, 1359-1360 (11th Cir. 1992).

In contrast, an amended pleading relates to matters existing when the original pleading was filed. Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial* ¶ 8:1376 (The Rutter Group, 2017). The title of the pleading is not determinative. *i.e.*, a pleading labeled an "amended pleading" will be treated as a supplemental pleading if the new facts alleged occurred after the original complaint was filed. *U.S. ex rel. Wulff v. CMA, Inc.*, 890 F.2d 1070, 1073 (9th Cir. 1989).

As discussed further below, Plaintiff's allegations and claims he seeks to add concern events that occurred after the original pleading was filed. Accordingly, the Court will liberally construe Plaintiff's declaration as a motion seeking leave to file a supplemental pleading, and will consider his lodged "amended complaint" as a proposed supplemental pleading.

**B. Supplemental Pleading Standards**

A court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). There is no right to supplement as a matter of course as there is with certain amended pleadings. *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir.1996).

Although leave to permit supplemental pleading is generally favored, the supplemental pleading cannot be used to introduce a "separate, distinct and new cause of action." *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citations omitted); *see also San Luis & Delta–Mendota Water Authority v. U.S. Dept. of Interior*, 236 F.R.D. 491, 497 (E.D. Cal. 2006) (the relatedness of the original and supplemental

1 complaints are among the factors to consider in deciding whether a complaint should be
2 supplemented). "Rule 15(d) is intended to give district courts broad discretion in allowing
3 supplemental pleadings." *Keith v. Volpe*, 858 F.3d 467, 473 (9th Cir. 1988) (citing Fed. R. Civ.
4 P. 15(d), advisory committee note).

**C. Analysis**

In this case, the original complaint concerns events that occurred in August 2015 at Kern Valley State Prison ("KVSP") in Delano, California. Plaintiff alleges that Defendants Nietas and Ogbuehi, medical staff employed at KVSP, denied Plaintiff treatment for his ulcerative colitis and celiac disease. Specifically, Defendant Nietas discontinued Plaintiff's special diet and nutritional supplements, and told Defendant Ogbuehi to discontinue the order for the special diet and nutritional supplements, which Defendant Ogbuehi did.

In Plaintiff's proposed supplemental complaint, Plaintiff alleges that in September 2016, he complained to Dr. W. Ulit about his ulcerative colitis, including bloody diarrhea, stomach cramps, and weight loss. However, he was denied treatment. Plaintiff further alleges that beginning in September 2016, he complained to Dr. Ulit and Nurse Gant about his deep vein thrombosis ("DVT"), including his right leg pain, soreness, and swelling, by writing daily sick call slips for several months. Again, Plaintiff was denied any treatment. Nurse Gant also interfered with Plaintiff's access to treatment by failing to process his sick call slips and did not allow him to see a doctor.

Based on the foregoing, the Court finds that the proposed supplemental complaint alleges claims which arise out of separate and distinct events from the claim in the original complaint for deliberate indifference to a serious medical need in violation of the Eighth Amendment against Defendants Nietas and Ogbuehi. The supplemental complaint concerns allegations of events that happened over a year later than the events which are the subject of the original complaint. Plaintiff does not allege facts showing any connection between the denial of treatment for his ulcerative colitis and celiac disease by Defendants Nietas and Ogbuehi, and the much later denial of treatment for his ulcrative colitis and DVT by Dr. Ulit and Nurse Gant. Thus, judicial economy will not be served by allowing supplementation here. Instead, these unrelated claims

against new and different defendants belong in a different lawsuit. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.")

**III.     Conclusion**

Accordingly, the Court HEREBY DENIES Plaintiff's request to supplement the complaint, filed on December 28, 2017 (ECF No. 22.)

IT IS SO ORDERED.

Dated:  **January 16, 2018**                    /s/ *Barbara A. McAuliffe*
                                                                    UNITED STATES MAGISTRATE JUDGE