# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, | Case No. 1:15-cv-01918-AWI-BAM (PC) |
| Plaintiff, | ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO JANUARY 16, 2018 ORDER |
| v. | |
| C. OGBUEHI, et al., | [ECF No. 27] |
| Defendants. | |

Plaintiff Raymond Alford Bradford is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 28, 2017, Plaintiff filed a declaration in support of an amended complaint, and lodged a proposed amended complaint. (ECF Nos. 21, 22.) Plaintiff sought to name additional defendants and add allegations concerning events that occurred after his original complaint was filed.

On January 16, 2018, the Court liberally construed Plaintiff's declaration as a motion to supplement his complaint, and denied that request. (ECF No. 23.) The Court found that Plaintiff intended to assert additional claims in the supplemental complaint which arise out of separate and distinct events from the claim in the original complaint, and therefore the unrelated, new claims against different defendants should be filed in a separate action. (*Id.*)

1       Currently before the Court is Plaintiff's objection to the Court's January 16, 2018 order, filed on January 29, 2018. (ECF No. 27.) Plaintiff states that he objects to the Court's order on two grounds (1) as a three-strikes litigant, he must show that he is under imminent danger of serious physical injury at the time of filing a complaint, and (2) his allegations qualify for that exception, and therefore he should be allowed to add additional claims to this action. (*Id.*) The Court liberally construes Plaintiff's objections as a motion to reconsider its prior ruling.

      "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision, *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

      The application of the "three-strikes" rule of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), concerns whether leave to proceed *in forma pauperis* in an action should be granted. *See also Andrews v. Cervantes*, 493 F.3d 1047, 1056-57 (9th Cir. 2007) (discussing the imminent danger exception to § 1915(g)). Whether the three-strikes rule applies to Plaintiff, and whether his allegations concerning his new, additional claims qualify for the imminent danger exception to that rule, does not impact whether his claims are properly joined in this action. Plaintiff fails to show that the Court has committed clear error in its previous determination, and he has failed to present any other grounds for in support of reconsideration here.

///

///

Accordingly, Plaintiff's objections to the Court's January 16, 2018 order (ECF No. 27) are HEREBY OVERRULED.

IT IS SO ORDERED.

Dated: **February 5, 2018**         /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE