# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>Plaintiff,<br><br>v.<br><br>C. OGBUEHI, et al.,<br><br>Defendants. | Case No. 1:15-cv-01918-AWI-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT<br>[ECF No. 28]<br><br>ORDER DIRECTING CLERK OF COURT TO FILE AMENDED COMPLAINT<br>[ECF No. 29]<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Raymond Alford Bradford is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for leave to file an amended complaint and declaration in support thereof, filed on January 29, 2018. (ECF No. 28.) Plaintiff has also lodged a proposed amended complaint with his motion. (ECF No. 29.)

**I.      Motion for Leave to Amend Complaint**

On December 13, 2017, the Court found service of Plaintiff's complaint appropriate, and ordered that this action would proceed on his claim against Defendants Nietas and Ogbuehi for deliberate indifference to serious medical needs in violation of the Eighth Amendment. (ECF No.

1

20.) The Court further ordered for Plaintiff to submit documents for service of process on the Defendants within thirty days. (*Id.*)

Plaintiff states that after receiving the Court's December 13, 2017 order, he reviewed his complaint and "was not satisfied with what he said and how he said it, due to the fact that at the time of filing he was heavily medicated with psychotropic medications." (ECF No. 28 at 2.) Plaintiff further states that he would like to amend his complaint because he believes he will not "win" his case without amending, and "does not stand a chance of defeating a summary judgment motion based on what is stated thus far[.]" (*Id*. at 5.) [1]

### A.    Legal Standard

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." Id.

### B.    Discussion

Considering the relevant factors here, leave to amend should be granted. Plaintiff asserts that he intends to plead his original claims with further clarity, in good faith. In reviewing the amended complaint's allegations, which are discussed in more detail below, the Court finds that the amendment is not futile. Plaintiff pleads different, but not inconsistent, facts as he has previously alleged, asserting the same claims against the same parties as in his original complaint. Further, Plaintiff has not previously amended his complaint, it has not yet been served, and no responsive pleading has been filed or served.

---

[1] Plaintiff also states that he disagrees with the Court's determination regarding his earlier attempt to amend his complaint, which was construed as a request to file a supplemental pleading. Plaintiff filed separate objections regarding that ruling, (ECF No. 27), which the Court will address in a separate order.

1 | For these reasons, leave to amend will be granted, and the Clerk of the Court will be directed to file Plaintiff's amended complaint on the docket. The Court next turns to screening Plaintiff's amended complaint.

**II. Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**A. Allegations in Complaint**

Plaintiff is currently housed at R.J. Donovan Correctional Facility. The events giving rise to this action are alleged to have occurred while Plaintiff was housed at Kern Valley State Prison ("KVSP") in Delano, California.

1 | Plaintiff names the following defendants, each of whom is employed at KVSP: (1) C.
2 | Ogbuehi, M.D., a physician; and (2) Registered Dietitian Nietas. Both of the defendants are sued
3 | in their individual and official capacity.

Plaintiff alleges as follows: Defendant Ogbuehi was acting under color of state law when he illegally denied/delayed Plaintiff's treatment for his bloody diarrhea, stomach cramps, and weight loss, to inflict unnecessary wanton and pain upon Plaintiff, knowing that he suffers from ulcerative colitis. Defendant's delay, denial, and interference caused Plaintiff's ailment to deteriorate and/or worsen. Defendant used state-derived authority in acting to Plaintiff's detriment.

Defendant Nietas was acting under color of state law when she illegally delayed, denied, and interfered with Plaintiff's treatment for his weight loss, stomach cramps, bloody diarrhea, pain and discomfort to inflict unnecessary pain upon Plaintiff, knowing that he suffers from ulcerative colitis. Defendant's actions caused Plaintiff's illness to worsen. Moreover, Defendant used state-derived authority in acting to Plaintiff's detriment.

From August 5, 2015 to August 29, 2017, Plaintiff complained to both Defendant Ogbuehi and Nietas about his active flare-up of his ulcerative colitis, bloody diarrhea, stomach cramps, and weight loss. He was repeatedly denied treatment.

The dietician denied, delayed, and interfered with treatment by deliberately withholding treatment for Plaintiff's severe weight loss, bloody diarrhea, and stomach cramps. Defendant allowed Plaintiff's illness to go untreated for several months, knowing that Plaintiff suffered from colitis. She interfered with treatment by suggesting to the doctor that Plaintiff did not have the condition, and therefore no treatment was necessary or needed. As a result, Defendant Ogbuehi denied and delayed treatment, causing Plaintiff unnecessary harm, and his illness to deteriorate. Plaintiff experienced bloody diarrhea, stomach cramps, pain, discomfort, and weight loss for several months, on a daily basis. Defendant Ogbuehi would interfere with treatment by suggesting to Dr. Ulit that Plaintiff should not receive the medically-indicated treatment to control Plaintiff's active flare up of his ulcerative colitis, and pain and discomfort. Plaintiff's inmate emergency 602 appeal was denied, and his condition would deteriorate as a result.

On August 5, 2015, Defendants Ogbuehi and Nietas violated Plaintiff's Eighth Amendment rights. He was without treatment for several months. He lost 30 pounds, and suffered pain daily, and would eventually be hospitalized. The Defendants' actions show that the course of treatment they chose was medically unacceptable under the circumstances, and that they chose to deny, delay, and interfere with treatment in conscious disregard of an excessive risk to his health. Defendants Ogbuehi and Nietas purposefully acted and/or failed to respond to his pain and medical need, and as a result, harmed Plaintiff by their indifference.

Plaintiff asserts a claim under the Eighth Amendment for deliberate indifference to serious medical needs against Defendants. He also seeks a declaration judgment that his rights were violated, compensatory and punitive damages, and a jury trial.

**B. Discussion**

**1. Official Capacity – Eleventh Amendment**

Plaintiff attempts to bring suit against Defendants in both their individual and official capacities.

The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities. *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). A suit against a state official in his official capacity equates to a suit against the state employing that official, *Hafer v. Melo*, 502 U.S. 21, 25 (1991), effectively barring a plaintiff from bringing suit on these grounds. However, the Eleventh Amendment does not bar a suit for monetary damages against a state official sued in his individual capacity. *Id*.

Plaintiff's claims against Defendants in their official capacities are tantamount to bringing suit against the State. As a result, Plaintiff's claims against Defendants in their official capacities cannot stand and are barred by the Eleventh Amendment. However, Plaintiff is not precluded from bringing a suit for monetary damages against defendants in their individual capacities.

///

///

### 2. Eighth Amendment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Plaintiff must show (1) a serious medical need and (2) defendant's response to the need was deliberately indifferent. *Jett*, 439 F.3d at 1096. Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citing *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992).

At the pleading stage, Plaintiff's complaint is sufficient to state a claim for deliberate indifference to serious medical needs against Defendants Nietas and Ogbuehi. Plaintiff has alleged that these defendants, despite knowing Plaintiff had ulcerative colitis and being informed of his flare-ups and symptoms, denied him treatment for bloody diarrhea, stomach cramps and weight loss. He further alleges that this denial caused him not only pain, but also a worsening of his condition.

### 3. Declaratory Judgment

In addition to monetary damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985).

In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

///

///

**III.     Conclusion and Recommendations**

For the reasons explained above, the Court HEREBY ORDERS as follows:

1. Plaintiff's motion for leave to file an amended complaint, filed on January 29, 2018 (ECF No. 28), is granted; and

2. The Clerk of the Court is directed to file Plaintiff's amended complaint, lodged on January 29, 2018 (ECF No. 29), on the docket.

***

Further, for the reasons discussed, the Court finds that Plaintiff has stated a cognizable claim against Defendants Ogbuehi and Nietas in their individual capacity for deliberate indifference to his serious medical need in violation of the Eighth Amendment. Plaintiff claim against these Defendants in their original capacity, and his claim for declaratory relief, should be dismissed, as the defects with those claims cannot be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless the pleading could not possibly be cured by the allegation of other facts); *Hartmann v. Cal. Dep't of Corrs. and Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

Accordingly, the Court HEREBY RECOMMENDS as follows:

1. This action should proceed on Plaintiff's amended complaint against Defendants Ogbuehi and Nietas in their individual capacity for deliberate indifference to his serious medical need in violation of the Eighth Amendment; and,

2. Plaintiff's claim against Defendants Ogbuehi and Nietas in their official capacities, and for a declaratory judgment, should be dismissed for the failure to state a claim upon which relief may be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file

objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 9, 2018**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE