# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>C. OGBUEHI, et al.,<br><br>    Defendants. | Case No. 1:15-cv-01918-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR ACCESS TO LAW LIBRARY<br>[ECF No. 36]<br><br>ORDER GRANTING PLAINTIFF THIRTY-DAY EXTENSION OF TIME TO COMPLY WITH MARCH 27, 2018 ORDER<br>[ECF No. 37] |

Plaintiff Raymond Alford Bradford is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.      Law Library Access**

On April 9, 2018, Plaintiff filed a motion for an order to attend the law library. (ECF No. 36.) The Court construes Plaintiff's motion as a request for a preliminary injunction.

A preliminary injunction is an extraordinary remedy never awarded as of right. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 9 (2008). For each form of relief sought in federal court, Plaintiff must establish standing. Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial

1

decision will prevent or redress the injury. Summers, 555 U.S. at 493; Mayfield, 599 F.3d at 969. Further, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. 18 U.S.C. § 3626(a)(1)(A). Thus, the federal court's jurisdiction is limited in nature and its power to issue equitable orders may not go beyond what is necessary to correct the underlying constitutional violations which form the actual case or controversy. 18 U.S.C. § 3626(a)(1)(A); Summers, 555 U.S. at 493; Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-104 (1998).

In this case, Plaintiff has been found to state a cognizable claim against certain medical providers at Kern Valley State Prison for deliberate indifference to a serious medical need. In the current motion, Plaintiff seeks an order directed at prison officials at Richard J. Donovan Correctional Facility regarding legal supplies and law library access matters. The law library access issue that Plaintiff seeks to remedy in his motion bears no relation to his Eighth Amendment claim. 18 U.S.C. § 3626(a)(1)(A); Summers, 555 U.S. at 493; Steel Co., 523 U.S. at 103-104. Further, the officials at Richard J. Donovan Correctional Facility are not defendants in this case, and therefore the Court lacks personal jurisdiction over those officials and it cannot issue an order requiring them to take any action. The pendency of this action does not give the Court jurisdiction over prison officials in general. Summers, 555 U.S. at 491–93; Mayfield, 599 F.3d at 969. Finally, Plaintiff discusses that he has been provided law library priority legal user status and some access, and therefore the Court does not find that an extraordinary remedy of injunctive relief is required. As discussed further below, Plaintiff will be afforded a reasonable extension of time to gain the necessary law library access and services and comply with his current deadline in this action. For these reasons, the Court will recommend denial of Plaintiff's motion.

**II.     Request for Extension of Time**

By a separate motion filed on April 9, 2018, Plaintiff seeks a forty-five (45) day extension of time to comply with the Court's March 27, 2018 order requiring him to submit service documents in this action. (ECF No. 37.) In support, Plaintiff declares that he does not have access to the law library photocopying services. Plaintiff further states that he was only sent one (1) USM-285 form instead of two (2) forms as directed. Plaintiff states that he believes defense counsel in another matter, *Bradford v. Marchak et al.*, Case No. 1:14-cv-01689-LJO-BAM, is working with prison to interfere with his access to writing supplies and law library access and services.

The Court is in receipt of numerous, almost daily filings in Plaintiff's other action, which appears inconsistent with his representations that he is being denied sufficient writing supplies and access to outgoing legal mail. Nevertheless, as Plaintiff represents that he did not receive all the necessary materials to comply with the Court's March 27, 2018 order, and that he requires some additional time to prepare the necessary documents, the Court finds good cause to grant a reasonable deadline extension. Plaintiff's request will be granted in part, and the Court will extend the deadline to submit his service documents by thirty (30) days.

**III.    Order and Recommendation**

According, for the reasons explained above, it is HEREBY ORDERED as follows:

1. Plaintiff's motion for an extension of time to comply with the Court's March 28, 2018 order (ECF No. 37) is granted, in part;
2. The Clerk of the Court is hereby directed to send to Plaintiff one (1) USM-285 form;
3. Plaintiff's service documents are due within **thirty (30) days** from the date of this order; and
4. Plaintiff is warned that the failure to comply with this order will result in dismissal of this action.

*** 

Further, for the reasons explained, IT IS HEREBY RECOMMENDED that Plaintiff's motion for an order directing that he be provided law library access (ECF No. 36.) be DENIED.

3

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 17, 2018**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE