1

2

3

4  .

5

6           # UNITED STATES DISTRICT COURT

7                  EASTERN DISTRICT OF CALIFORNIA

8

9   RAYMOND ALFORD BRADFORD,          | Case No. 1:15-cv-01918-AWI-BAM (PC)

10          Plaintiff,                | ORDER DENYING PLAINTIFF'S MOTION
                                        FOR AN ORDER COMPELLING
        v.                              DISCOVERY
11                                      (Doc. No. 55)

12  C. OGBUEHI, et al.,                 ORDER DENYING PLAINTIFF'S MOTION
                                        TO STRIKE DEFENDANTS' MOTION FOR
            Defendants.                 SUMMARY JUDGMENT
13                                      (Doc. No. 65)

14
                                        ORDER DENYING PLAINTIFF'S MOTION
15                                      FOR EXTENSION OF TIME
                                        (Doc. No. 67)
16
                                        ORDER DENYING PLAINTIFF'S
17                                      MOTIONS FOR SANCTIONS AND
                                        MOTION TO STRIKE OPPOSITION TO
18                                      MOTION TO COMPEL
                                        (Doc. Nos. 70, 71, 72)
19
                                        FINDINGS AND RECOMMENDATIONS
20                                      RECOMMENDING TERMINATING
                                        SANCTIONS AGAINST PLAINTIFF
21

22                                      **FOURTEEN-DAY DEADLINE**

23

24  **I.      Background**

25         Plaintiff Raymond Alford Bradford is a state prisoner proceeding *pro se* and *in forma*

26  *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.   This action proceeds on

27  Plaintiff's claim against Defendants Ogbuehi and Nietas in their individual capacity for

28  deliberate indifference to a serious medical need in violation of the Eighth Amendment.

                                        1

Plaintiff's claims are based on allegations that Defendants delayed and interfered with his need for treatment for ulcerative colitis and related symptoms, from August 5, 2015 until August 29, 2017. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court are several motions filed by Plaintiff. First, on September 19, 2018, Plaintiff filed a motion for an order compelling discovery. (Doc. No. 55.) Defendants filed an opposition on October 10, 2018. (Doc. No. 64.) Rather than filing a reply to the opposition, Plaintiff then filed a motion to strike Defendants' opposition to the motion to compel. (Doc. No. 71.)

Next, on October 3, 2018, Defendants filed a motion for summary judgment under Federal Rule of Civil Procedure 56 for the failure to exhaust available administrative remedies. (Doc. No. 62.) Plaintiff has now made numerous filings in response to that motion, including (1) a motion to strike Defendants' summary judgment motion, filed on October 18, 2018 (Doc. No. 65); (2) a declaration in support of the motion to strike (Doc. No. 66); (3) a motion for an extension of time to oppose Defendants' summary judgment motion, filed on October 18, 2018 (Doc. No. 67); (4) a declaration in support of the motion for extension of time; (5) a motion for sanctions under Federal Rule of Civil Procedure 9(b), with a declaration in support, filed on October 22, 2018 (Doc. No. 70); and (6) a second motion for sanctions under Rule 9(b), filed on October 22, 2018 (Doc. No. 72).

Although Defendants have not responded to all of Plaintiff's motions described above, the Court finds it necessary to rule on these matters, and that Defendants will not be prejudiced by the Court acting on those motions. Therefore, the motions are deemed submitted. Local Rule 230(l).

## II. Motion to Compel and Motion to Strike Opposition

Plaintiff's motion to compel discovery pursuant to Rule 37(a) seeks responses to requests for production of documents, which Plaintiff attaches. (Doc. No. 55.) In his attached declaration, Plaintiff declares that he served the requests for production on or about July 18, 2018. (Pl.'s Decl., Doc. No. 55, ¶ 2.) Plaintiff asserts that he met and conferred with defense

counsel by letter when Defendants failed to respond to the requests for production after the August 31, 2018 deadline to respond expired. Plaintiff also seeks legal supplies as a sanction, as well as reasonable expenses, for the failure to produce responses. The attached requests for production are dated July 12, 2018. (Pl.'s Requests for Production, Doc. No. 55, at 5-7.) Plaintiff's motion to compel was provided to prison officials for mailing and service on September 9, 2018, according to the attached proof of service. (Doc. No. 55 at 4.)

Defendants oppose Plaintiff's motion to compel, arguing that it is misleading and unwarranted. (Doc. No. 64.) Specifically, Plaintiff did not file with the Court his proof of service for the requests for production of documents at issue, and that proof of service shows that Plaintiff's discovery responses were not served until July 25, 2018. (Decl. of Parnell, Doc. No. 64, ¶ 2; Pl.'s Proof of Service, Doc. No. 64, Ex. A.) Under the July 3, 2018 discovery and scheduling order in this case, written responses to discovery requests are due within forty-five (45) days of service. (Doc. No. 50 ¶ 2.) Thus, Defendants' responses to Plaintiff's requests for production were due on or before September 10, 2018.[1] Therefore, based on the proof of service for Plaintiff's motion to compel which was attached to that filing, he provided the motion to prison officials for mailing to the Clerk of the Court *before* Defendants' deadline to respond to his discovery requests had passed.

Moreover, Plaintiff sent a letter to defense counsel regarding the requests for production on August 27, 2018 (also sent before the deadline to respond had passed). In the letter, Plaintiff demanded the discovery responses and indicated that he would be filing a motion to compel. (Decl. of Parnell ¶ 3; Aug. 27, 2018 Letter, Doc. 64, Ex. B.) Defense counsel quickly responded, providing clarification of the response deadline, (Decl. of Parnell ¶ 4; Sept. 7, 2018 Letter, Doc. 64, Ex. C), and Defendants served those responses by mail on Plaintiff on the September 10, 2018 deadline, (Decl. of Parnell ¶ 5; Decl. of Service by U.S. Mail, Doc. No. 64, Ex. D).

Nevertheless, Plaintiff sent a follow-up letter to defense counsel on September 17, 2018. (Decl. of Parnell ¶ 7; Sept. 17, 2018 Letter, Doc. 64, Ex. E.) The letter does not respond to the

---

[1] The forty-five (45) day deadline fell on a Saturday. Pursuant to Federal Rule of Civil Procedure 6(a)(1)(c), the deadline was extended until Monday, September 10, 2018.

deadline issue, or discuss the responses to Plaintiff's requests for production served on July 25, 2018.  Instead, Plaintiff states that he is requesting all documents related to another case, *Bradford v. Marchak et al*., Case No. 1:14-cv-01689-LJO-BAM.  He further demands all his mental health and medical records.  He states that he has filed a motion to compel, and that he will withdraw or quash the motion if he is provided all items demanded, as well as writing supplies, postage, and envelopes.  Finally, he requests a settlement offer and to see defense counsel in person "to put a face with the name Laraya." (*Id*.)  Defense counsel declares that after receiving this letter, she attempted to schedule a telephone conference with Plaintiff, but was unable to do so before Defendants' opposition was due to the motion to compel.  (Decl. of Parnell ¶ 8.)  Defendants argue that based on the foregoing, the motion should be denied as premature and unnecessary.[2]

Rather than file a reply to the opposition, Plaintiff instead filed a motion to strike Defendants' opposition and defense counsel's declaration in support thereof.  (Doc. No. 71.)  Plaintiff argues that his motion is not premature because he attempted to meet and confer with defense counsel.  Plaintiff further states that Defendants objected to providing the documents he requested from *Bradford v. Marchak et al*. as irrelevant to this matter, which he argues supports striking Defendants' opposition as frivolous.  Plaintiff further asserts that "[a]" telephone call [would] have resolved this matter" and he contends that it is not his fault that the telephonic conference was unable to be set.  (*Id*. at 3.)  Plaintiff nevertheless argues that a motion to compel would have been inevitable in this matter due to Defendants' failure or refusal to provide the documents requested from *Bradford v. Marchak et al.*, along with all his medical and mental health records.  (Pl.'s Decl. dated Oct. 16, 2018, Doc. No. 71, ¶ 2.)

---

[2] *Bradford v. Marchak et al.*, No. 1:14-cv-01689-LJO-BAM, was dismissed upon the granting of the defendants' motion for terminating sanctions in that case, upon a finding of bad faith conduct, the failure to obey a court order, and the failure to meaningfully cooperate in discovery, on July 7, 2018.  (Order, Doc. No. 336.)  Plaintiff appealed the dismissal on July 23, 2018, and the Ninth Circuit dismissed the appeal on September 18, 2018.  (Notice of Appeal, Doc. No. 341; Order, Doc. No. 346.)  The Court takes judicial notice of those proceedings, as a district court may take judicial notice of its records and of the records of proceedings in other federal or state courts.  *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc*., 971 F.2d 244, 248 (9th Cir. 1992).

1    Given the foregoing, the Court finds that Plaintiff's motion to compel and motion to
2    strike must both be denied.  Plaintiff's requests for production were served on Defendants on
3    July 25, 2018, and pursuant to the Court's discovery and scheduling order, responses were not
4    due until September 10, 2018.  Plaintiff's motion was prematurely filed before that date, and
5    regardless Defendants timely provided responses to the requests.  Plaintiff's motion to strike the
6    opposition and defense counsel's declaration in support has no merit, as he has not shown that
7    the filings are frivolous.  Instead, the opposition properly raised grounds for why the motion to
8    compel should be denied and the declaration provided information in support, which Plaintiff
9    does not adequately dispute.  Plaintiff's request for sanctions must also be denied, as Defendants
10   have not failed to provide discovery responses here.

11    More troubling is Plaintiff's conduct here.  It is well settled that a party may be
12   sanctioned, up to and including dismissal of an action, for engaging in "deliberately in deceptive
13   practices that undermine the integrity of judicial proceedings[.]"  *Anheuser-Busch, Inc. v. Nat.*
14   *Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995).  "[C]ourts have inherent power to
15   dismiss an action when a party has willfully deceived the court and engaged in conduct utterly
16   inconsistent with the orderly administration of justice." *Id.*; *see also Wyle v. R.J. Reynolds*
17   *Indus., Inc*., 709 F.2d 585, 589 (9th Cir.1983) (upholding dismissal of complaint pursuant to
18   court's inherent power where plaintiff's denials of material fact were knowingly false and
19   plaintiff willfully failed to comply with discovery orders); *Combs v. Rockwell Int'l Corp*., 927
20   F.2d 486 (9th Cir.1991) (affirming dismissal under the court's inherent power as appropriate
21   sanction for falsifying a deposition), *cert. denied*, 502 U.S. 859, 112 S. Ct. 176, 116 L. Ed. 2d
22   138 (1991); *North Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th
23   Cir.1986) (affirming dismissal of defendant's counterclaim under court's inherent power for
24   concealing documents and violating court's discovery order).

25    Here, in pursuing this motion to compel, Plaintiff has engaged in misrepresentations and
26   omissions of information which is misleading to the parties and the Court.  Plaintiff has also
27   pursued baseless motions, needlessly multiplying the proceedings.  As pointed out by
28   Defendants, Plaintiff omitted from his motion to compel a proof of service showing the date that

the discovery requests at issue were served.  Plaintiff further declared to the Court that the requests were served at an earlier date with an earlier deadline for the responses than was true, misrepresenting facts material to the motion.

Information showing the actual deadline for the discovery response, and the discovery responses that were sought by Plaintiff in the motion to compel, were both timely provided by Defendants and defense counsel to Plaintiff.  Also, Defendants provided the same information to the Court in its opposition to Plaintiff's motion to compel, which was served on Plaintiff, and which clarified any misunderstanding that might have occurred.  All of this showed that Plaintiff's motion was, at best, prematurely filed.  However, rather than withdrawing the motion, adding clarification, or attempting to make any showing of cause for continuing to pursue the motion to compel, Plaintiff used the pending nature of the motion to make demands of Defendants and defense counsel.  This included unreasonably demanding documents from an unrelated case which has long been closed.  Plaintiff also filed a motion to strike and requested sanctions without any basis, increasing the proceedings, further causing prejudice to Defendants, and wasting judicial resources.

The Court finds that Plaintiff's conduct under the circumstances constitutes bad faith, and will recommend sanctions based upon that conduct and other matters, as discussed further below.

**III.     Motion to Strike Summary Judgment Motion and for Sanctions**

Additional proceedings merit discussion before the Court explains its recommendation for sanctions.

Earlier in this case, on August 7, 2018, Plaintiff filed a motion for leave to amend the complaint.  (Doc. No. 52.)  Defendants filed an opposition to the motion, (Doc. No. 53), and no reply was filed within the time permitted, Local Rule 230(l).  On September 17, 2018, the Court denied the motion, finding that Plaintiff did not attach any proposed amended pleading, leaving the Court with insufficient information to determine whether leave to amend should be granted. (Doc. No. 54.)  Plaintiff was instructed that he may resubmit a motion for leave supported by a proposed amended complaint.  (*Id*. at 2.)

///

On September 19, 2018, Plaintiff filed a reply to Defendants' opposition to his motion for leave to amend. (Doc. No. 54.) The Court evaluated the reply, but found that it showed no cause to reconsider the prior ruling, and issued an order informing Plaintiff of such ruling on September 20, 2018. (Doc. No. 57.)

On September 24, 2018, Plaintiff filed a motion to strike Defendants' opposition to his motion for leave to amend, (Doc. No. 58), and a second reply to the opposition, (Doc. No. 59). On September 26, 2018, the Court denied Plaintiff's motion to strike, finding no support in the record for his contentions that the opposition was misleading and confusing. (Doc. No. 60.) The Court also struck the second reply, finding that Plaintiff had not sought any leave to file an additional reply, that multiple reply briefs are not allowed by the applicable rules, and that it had not authorized or requested any additional briefing. (*Id*. at 2.) Finally, the Court expressly warned Plaintiff that "the needless multiplying of the proceedings and wasting of judicial resources, such as submitting any baseless filings in bad faith or for harassment, will subject a party to sanctions." (*Id*.)

This is not the first warning of this nature that Plaintiff has been given in court orders. As noted above, one of Plaintiff's prior actions, *Bradford v. Marchak et al*., No. 1:14-cv-01689-LJO-BAM, was dismissed upon the granting of the defendants' motion for terminating sanctions in that case. (July 7, 2018 Order, Doc. No. 336.) Among the many express warnings to Plaintiff in that case was that baseless or duplicative filings, filings made for harassment, or filings that needlessly multiply the proceedings, would be summarily stricken and would subject a party to sanctions, including terminating sanctions. (*See* June 18, 2018 Findings and Recommendations, Doc. No. 334, at 3-6, discussing several express warnings to Plaintiff.) Plaintiff was also expressly warned in that action against filing multiple motions or other filings on the same matter, and warned that each issue must be addressed in a single filing stating all of the grounds for his motion and all of the relief sought. Further, Plaintiff was warned not to make duplicative motions seeking the same relief as a prior motion that has not yet been ruled upon by the Court. (*See* April 16, 2018 Order, Doc. No. 287, at 9.) Due to Plaintiff's repeated violation of the court orders in *Marchak* giving those warnings, and due to other violations of the Federal Rules of

Civil Procedure, that matter was dismissed. Against this backdrop, the Court turns to additional motions now pending in the instant case.

As stated above, Defendants filed a motion for summary judgment on October 3, 2018, for the failure to exhaust available administrative remedies. (Doc. No. 62.) In response to that motion, Plaintiff has made a flurry of filings, none of which are a single, complete opposition to the motion raising all of Plaintiff's grounds for opposing summary judgment. Instead, Plaintiff has first filed a motion to strike Defendants' summary judgment motion, on October 18, 2018. (Doc. No. 65.) Plaintiff argues that the summary judgment motion is "without merit and absurd" and constitutes fraud, but there is no support for these contentions in the motion. (*Id*. at 2.) Plaintiff merely states that he has filed 80 appeals over a span of 30 years, and therefore Defendants make a "fatal mistake" in arguing that he did not exhaust his administrative appeals in this case. (*Id.* at 3.) Plaintiff also filed a separate declaration in support of his motion to strike, which is essentially duplicative of the motion and repeats his arguments. (Doc. No. 66.)

Plaintiff next filed a motion for an extension of time to oppose Defendants' motion for summary judgment. (Doc. No. 67.) Plaintiff again contends that the summary judgment motion is absurd, and seeks to extend the deadline for his opposition to allow the Court to review the record and rule on the additional motions that he filed, including his allegations of fraud. (*Id*.) In a final sentence, Plaintiff also states that he seeks for the Court to stay summary judgment to allow him to obtain his legal property so that he can present evidence of his over 80 exhausted appeals. (*Id*. at 6.) Plaintiff also filed a separate declaration raising the same arguments, and discussing in more detail that he requires a stay and an order to grant him access to his legal property to obtain his 80 exhausted appeals. (Doc. No. 68.)

Finally, on October 22, 2018, Plaintiff filed two separate motions for sanctions under Rule 9(b). (Doc. No. 70, 72.) Both motions are largely duplicative of each other, and argue that Defendants have committed fraud by filing their summary judgment motion, because Plaintiff did in fact exhaust his available administrative remedies. No support is given for his contentions that he exhausted the available administrative remedies for his claim in this case. Nor does Plaintiff provide any support for his contentions that Defendants brought their summary

judgment motion to cause undue delay, prejudice and harassment, rather than as a colorable legal argument supported by evidence.

Plaintiff's motion to strike Defendants' summary judgment motion shall be denied. The fact that Plaintiff disagrees with the arguments raised in the motion and believes he has evidence to refute the motion is not sufficient grounds to strike the filing, particularly where Plaintiff does not support his contentions. Plaintiff has been warned against filing such baseless motions before, in this action, (*see* Sept. 26, 2018 Order, Doc. No. 60), and in prior actions, (*see, e.g.*, April 2, 2018 Order, *Bradford v. Marchak et al.*, No. 1:14-cv-01689-LJO-BAM, Doc. No. 266).

Plaintiff's motion for an extension of time and to stay summary judgment shall also be denied. His main argument for the extension of time is frivolous and evidence of bad faith. Plaintiff cannot file duplicative or baseless motions and filings, and then argue that deadlines should be extended because the Court will require time to review the record and make rulings. As discussed above, he has been repeatedly warned against such tactics.

Further, the Court does not find it appropriate to stay summary judgment so that Plaintiff can obtain records of 80 appeals spanning 30 years. Many, if not most, of those appeals are not likely to be relevant to the limited scope of the claim in this case concerning the delay and denial of treatment for Plaintiff's ulcerative colitis from 2015 to 2017. The introduction of such irrelevant evidence would constitute an additional needless multiplication of the proceedings. Plaintiff has not shown good cause for delaying these proceedings based on a specific need to obtain records to oppose Defendants' summary judgment motion regarding the claims in this case.

The Court also denies Plaintiff's motions for sanctions. That Defendants are defending this action and have filed a motion in support of their affirmative defense of the failure to exhaust available administrative remedies does not constitute grounds for sanctions. Although Plaintiff contends that the motion does not have merit, he has not demonstrated that Defendants or defense counsel have made baseless or frivolous filings for an improper purpose in this action. Defendants are entitled to defend this action, to raise their affirmative defenses, and to not concede that Plaintiff's claim is meritorious.

1   Based on the overall record in this case, including Plaintiff's numerous repetitive,

2   onerous, baseless, and frivolous filings, and his misleading and harassing tactics, the Court turns

3   to a consideration of sanctions against Plaintiff.

4   **III.    Recommendation for Terminating Sanctions**

5       **A.    Legal Standard**

6       Rule 11 "provides for the imposition of sanctions when a filing is frivolous, legally

7   unreasonable, or without factual foundation, or is brought for an improper purpose." *Estate of*

8   *Blue v. Cty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997). "'Frivolous filings' are those that

9   are 'both baseless and made without a reasonable and competent inquiry.'" *Buster v. Greisen*,

10  104 F.3d 1186, 1190 (9th Cir. 1997) (quoting *Townsend v. Holman Consulting Corp.*, 929 F.2d

11  1358, 1362 (9th Cir. 1990) (en banc)). "The test for whether Rule 11 is violated does not require

12  a finding of subjective bad faith by the attorney or unrepresented party." *McMahon v. Pier 39*

13  *Ltd. P'ship*, No. C03-00251 CRB, 2003 WL 22939233, at *6 (N.D. Cal. Dec. 5, 2003).

14      In addition to Rule 11, courts also have the "inherent power to levy sanctions, including

15  attorneys' fees, for 'willful disobedience of a court order . . . or when the losing party has acted

16  in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Fink v. Gomez*, 239 F.2d 989,

17  991 (9th Cir. 2001) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)). Under

18  the court's inherent power, sanctions are only available "if the court specifically finds bad faith

19  or conduct tantamount to bad faith." *Id*. at 994. Conduct that is tantamount to bad faith includes

20  "recklessness when combined with an additional factor such as frivolousness, harassment, or an

21  improper purpose." *Id*. District courts have the inherent power to control their dockets and "[i]n

22  the exercise of that power they may impose sanctions including, where appropriate, . . .

23  dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).

24      It is well-settled in the Ninth Circuit that the filing of "successive complaints based upon

25  propositions of law previously rejected may constitute harassment under Rule 11." *Buster*, 104

26  F.3d at 1190 (quoting *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 833 (9th Cir. 1986). This is

27  true even when a plaintiff is proceeding *pro se*. *E.g.*, *Valtierra v. World Sav. Bank*, No. 1:12-

28  CV-1227-AWI-BAM, 2012 WL 5396689, at *3 (E.D. Cal. Nov. 2, 2012).

### B.     The Court Finds that Plaintiff Acted in Bad Faith

The discovery and scheduling order was issued in this case about four months ago, on July 3, 2018. (Doc. No. 50.) Shortly thereafter, Plaintiff began his pattern of filing improper motions and duplicative filings, delaying this case and wasting judicial resources. This began with the motion to amend discussed above, filed on August 7, 2018, and the numerous repeated filings on that matter, including Plaintiff's baseless motion to strike Defendants' opposition to the motion after it had already been ruled upon. Plaintiff then filed the premature motion to compel discovery responses, and his numerous motions related to Defendants' summary judgment motion, as explained above.

The Court will not belabor the details of the record carefully laid out above, but notes here that in the few months since the Court issued the July 3, 2018 discovery and scheduling order, Plaintiff has filed no less than fifteen motions, requests, and objections for the Court to rule upon. (Doc. Nos. 52, 55, 56, 58, 59, 61, 63, 65, 66, 67, 68, 69, 70, 71, 72.) Plaintiff's onerous, often successive filings, are repeatedly duplicative and unsupported, and have begun to fill the docket with meritless matters. This order alone rules on six such motions. Although some leniency is due to Plaintiff as a *pro se* litigant, he has engaged in improper litigation tactics to mislead the parties and the Court, and his filings have continued despite express warnings by the Court. Plaintiff's *pro se* status does not excuse intentional non-compliance with the Federal Rules of Civil Procedure or court orders. *See Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) (affirming sanction of dismissal, holding that "[a] pro se litigant is bound by the litigation rules as is a lawyer . . . ."); *see also Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (holding that district court could not decline to impose any sanction for violation of Fed. R. Civ. P. 11 simply because plaintiff was proceeding *pro se*).

In short, the Court finds that Plaintiff's conduct in this case is obstructive and constitutes willful disregard for the Court's orders, abusive and bad faith litigation tactics, and the needless multiplication of the proceedings. The Court next turns to whether terminating sanctions are appropriate.

///

### C.     Terminating Sanctions are Appropriate

In determining whether to dismiss an action, the Court must consider several factors:  (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).  The amount of prejudice resulting from the discovery violations and the availability of less drastic sanctions are said to be "key factors."  *Wanderer v. Johnston*, 910 F2d 652, 656 (9th Cir. 1990).

Here, the first two factors, the public's interest in expeditious resolution of litigation and the Court's need to manage its docket, weigh in favor of dismissal.  *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").  This case was filed on December 28, 2015.  (Doc. No. 1.) It was originally dismissed on the denial of Plaintiff's motion for leave to proceed *in forma pauperis*, on March 4, 2016.  (Doc. No 6, 7.)  The Ninth Circuit Court of Appeals reversed and remanded that dismissal on March 20, 2017, (Doc. No. 12), and the mandate issued on April 11, 2017, (Doc. No. 14).

Thus, this litigation was effectively restarted on April 12, 2017, when the Court ordered Plaintiff to resubmit a motion for leave to proceed *in forma pauperis*.  Rather than moving along expeditiously with this litigation, Plaintiff has engaged in dilatory and obstructionist tactics as discussed above, and this case has become an undue consumption and waste of limited judicial resources to manage and address Plaintiff's filings.  Plaintiff was expressly warned in this action, as well as in previous court orders in a prior action, that such conduct would lead to sanctions. In fact, he was subjected to terminating sanctions for just the same type of conduct which he is now engaged in during the instant action.  Nevertheless, Plaintiff continues to engage in bad faith litigation tactics and willful misconduct.  This Court has not lost sight of the strong interest in resolving cases on the merits.  But even this strong interest in deciding cases on the merits cannot override a litigant's conduct in refusing to abide by court orders, insisting on multiplying the proceedings, and wasting judicial resources.

The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal. There is a rebuttable presumption of prejudice to a defendant that arises when a plaintiff unreasonably delays litigation. *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Malone v. U.S. Postal Serv*., 833 F.2d 128, 131 (9th Cir. 1987). Here, Plaintiff's conduct substantially hinders Defendants' ability to defend against his claim in this lawsuit. Plaintiff's pursuit of duplicative baseless motions with misleading information has required Defendants to expend resources responding to those filings, and the Court to expend resources resolving such issues. Plaintiff has also purposely attempted to delay and obstruct Defendants' summary judgment motion without cause, as discussed above. The inability to fully defend the case or to move forward with any potential dispositive motions, coupled with the delay, is prejudicial to Defendants.

The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. When a case has stalled or is unreasonably delayed by a party's conduct, including misrepresentations and baseless motions, the case cannot move toward resolution on the merits. Thus, the fourth factor—public policy favoring disposition of cases on their merits—is not compelling when it is thwarted by Plaintiff's own actions.

Next, the Court has considered lesser sanctions, but no lesser sanction is warranted. Evidentiary sanctions are not practical given the stage of the litigation and the nature of the current issues raised. Monetary sanctions are worthless because of Plaintiff's *in forma pauperis* status. He would likely be unable to pay any monetary sanctions, making such sanctions of little use here. Most importantly, the Court repeatedly warned Plaintiff in this case and in prior cases about the consequences of the conduct he has engaged in here and noncompliance with the Court's orders and the Federal Rules of Civil Procedure, but Plaintiff's continued conduct shows a lack of intent to follow those warnings, rulings, orders, and requirements. The Ninth Circuit has explained that "[a] district court need not exhaust every sanction short of dismissal before

finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.1986). Here, the Court finds that there are no other, lesser sanctions that would be satisfactory or effective.

Accordingly, based on the record, the orders of which the Court takes judicial notice of as discussed above, and the relevant factors, the Court recommends terminating sanctions in this case.

**IV.    Conclusion**

Accordingly, it is HEREBY ORDERED that:

1.    Plaintiff's motion for an order compelling discovery, filed on September 19, 2018 (Doc. No. 55), is denied;

2.    Plaintiff's motion to strike Defendants' opposition to motion to compel, filed on October 22, 2018 (Doc. No. 71), is denied;

3.    Plaintiff's motion to strike Defendants' summary judgment motion, filed on October 18, 2018 (Doc. No. 65), is denied;

4.    Plaintiff's motion for an extension of time to oppose Defendants' summary judgment motion, filed on October 18, 2018 (Doc. No. 67), is denied;

5.    Plaintiff's motion for sanctions under Federal Rule of Civil Procedure 9(b), filed on October 22, 2018 (Doc. No. 70), is denied; and

6.    Plaintiff's second motion for sanctions under Rule 9(b), filed on October 22, 2018 (Doc. No. 72), is denied.

***

Further, for the reasons explained above, the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, based on Plaintiff's abusive and bad faith litigation tactics, failure to obey a court order, and needless multiplication of the proceedings.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the court. The document should be captioned "Objections to

Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**November 6, 2018**__          __/s/ *Barbara A. McAuliffe*__

UNITED STATES MAGISTRATE JUDGE